# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BUTLER, | ) 1:13cv01781 LJO DLB PC ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) WITH LEAVE TO AMEND |
| vs. | ) ) **THIRTY-DAY DEADLINE** |
| CONNIE GIPSON, et al., | ) ) |
| Defendants. | ) |

Plaintiff Ronald Butler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  He filed this action on November 4, 2013, and names Corcoran State Prison ("CSP") Warden Connie Gipson, Deputy Warden D. Leon, Captain T. Variz, Counselors Smith and Belnap and Lieutenant John Doe #1.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSP, where the events at issue occurred.

Plaintiff alleges that on October 3, 2011, he was assaulted by Inmate Curtis. Plaintiff received a Rules Violation Report for fighting.

On October 7, 2011, Plaintiff was placed in Administrative Segregation after he was assaulted by Inmate Curtis a second time in Facility 3B. Two other inmates participated in the assault.

After the assaults, Facility 3B staff generated a confidential memorandum noting enemy concerns between Plaintiff and Inmate Curtis.

On October 12, 2011, Defendants Leon, Variz and Belnap, the Facility 3A Institutional Classification Committee ("ICC"), decided to release Plaintiff from Administrative Segregation to Facility 3A General Population.

When Plaintiff arrived at Facility 3A, he was placed on orientation status for ten days. After ten days, he was cleared for General Population program, "with no enemy concerns from Unit Classification members (UCC) Defendants T. Variz (Cpt), Lieutenant John Doe #1 and (CCI) Smith." Compl. 5.

On April 26, 2012, while Plaintiff was walking across the Facility 3A yard, he was assaulted by Inmate Curtis. Plaintiff alleges that "apparently," Defendants Variz, John Doe #1 and Smith "failed in their responsibilities and duties to protect Plaintiff" from Inmate Curtis in "allowing him to be placed on the on the same Facility 3A (G.P.) yard with Plaintiff..." Compl. 6.

Plaintiff states that because Inmate Curtis was allowed to assault him a third time, he received an additional Rules Violation Report for fighting.

On May 6, 2012, Plaintiff attended the hearing for his Rules Violation Report. Senior Hearing Officer T. Marsh found Plaintiff not guilty of fighting and dismissed the charge.

Plaintiff states that Marsh informed him that Facility 3A UCC members Defendants Variz, John Doe #1 and Smith erred when they cleared Inmate Curtis for Facility 3A General Population.

Plaintiff further alleges that he was informed by Facility 3A Staff that Defendant Gipson "was responsible for releasing Facility 3A orientation inmates" to General Population, including Inmate Curtis.  Compl. 7.

Plaintiff believes that CSP Administrative Staff intentionally allowed Plaintiff to be continually housed at Facility 3A with "documented Keep Away Enemy" Curtis, resulting in the April 26, 2012, attack.

Based on these allegations, Plaintiff alleges that Defendants Leon, Variz and Belnap violated his Eighth Amendment rights when they released him from Administrative Segregation to Facility 3A General Population.  He also alleges that Defendants Variz, John Doe #1 and Smith violated the Eighth Amendment at the UCC Hearing.  Finally, Plaintiff contends that Defendant Gipson violated the Eighth Amendment when she approved the release of Inmate Curtis to Facility 3A General Population.

## C.    DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of

an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

"[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  Hearns, 413 F.3d at 1040 (internal citations omitted.

Plaintiff fails to allege that any Defendant acted with the requisite state of mind.  As for Defendants Leon, Variz and Belnap and their involvement in Plaintiff's release from Administrative Segregation to Facility 3A, Plaintiff does not allege facts to demonstrate that they placed Plaintiff in Facility 3A with a knowing disregard of a substantial risk to his health or safety.  In fact, it is not clear at the time of that decision, October 12, 2011, that Inmate Curtis was even in Facility 3A.  Rather, it appears that the ICC relocated Plaintiff to 3A so that he would no longer be housed around Inmate Curtis.

Insofar as Plaintiff contends that Defendants Variz, John Doe and Smith allowed Inmate Curtis to be placed on the same yard, Plaintiff does not allege that they did so with the purpose of causing harm, or knowing that harm would likely result.  Although Plaintiff states that a prison official told them that these Defendants "erred," an error, without the requisite intent, is insufficient to state an Eighth Amendment claim.

Finally, Plaintiff suggests that Defendant Gipson was responsible for releasing Inmate Curtis from 3A orientation to the General Population, but he again fails to allege that Defendant Gipson did so knowing that Plaintiff would face a substantial risk of harm.

Plaintiff states that it is his "belief" that Administrative Staff intentionally allowed Plaintiff to be continuously housed around Inmate Curtis.  His belief, however, without supporting factual allegations, is insufficient to state a claim under the Eighth Amendment.

Plaintiff also cites a confidential memorandum that noted enemy concerns with Inmate Curtis.  However, the existence of this memo, alone, does not show that any Defendant acted

5

with deliberate indifference.  In fact, the ICC Action Summary dated October 12, 2011, which Plaintiff attaches as an exhibit, references the confidential memorandum.  According to the summary, the memorandum indicates that Plaintiff "stated it was just a personal issue between him and Curtis that stemmed from an earlier fight they had."  The memorandum further indicated that Plaintiff did not have any safety concerns on 3B, but did have enemy concerns with Inmate Curtis.  Despite this, the ICC summary indicates that Plaintiff *wanted* to return to 3B and disagreed with their decision to relocate him to 3A.

For these reasons, Plaintiff fails to state a claim against any Defendant.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state any cognizable claims against any Defendant.

Plaintiff will be permitted one opportunity to amend his complaint, but he should only amend if he can do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.


IT IS SO ORDERED.

Dated: __**March 26, 2014**__               /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE