# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BUTLER,<br><br>              Plaintiff,<br><br>     vs.<br><br>CONNIE GIPSON, et al.,<br><br>             Defendants. | ) 1:13cv01781 LJO DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF ACTION<br>) FOR FAILURE TO STATE A CLAIM<br>)<br>) **THIRTY-DAY DEADLINE**<br>)<br>) |

Plaintiff Ronald Butler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on November 4, 2013. Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on April 14, 2014. He names Corcoran State Prison ("CSP") Warden Connie Gipson, Deputy Warden D. Leon, Captain T. Variz, Counselors Smith and Belnap and Lieutenant John Doe #1 as Defendants.

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSP, where the events at issue occurred.

Plaintiff alleges that on October 3, 2011, he was violently assaulted by Inmate Curtis in Facility 3B.  Plaintiff defended himself and received a Serious Rules Violation Report ("RVR") for Fighting with an Inmate.

On October 7, 2011, Plaintiff was placed in Administrative Segregation ("Ad-Seg") after he was assaulted by Inmate Curtis a second time.  Three other inmates participated in the assault.

After the assaults, Facility 3B staff generated a confidential memorandum noting enemy concerns between Plaintiff and Inmate Curtis.  Plaintiff contends that the memo gave notice to all staff of Plaintiff's enemy concerns.

On October 12, 2011, Defendants Leon, Variz and Belnap, the Facility 3A Institutional Classification Committee ("ICC"), decided to release Plaintiff from Ad-Seg to Facility 3A General Population.  Inmate Curtis was documented as a "keep away inmate enemy."  ECF No. 8, at 5.

When Plaintiff arrived at Facility 3A, he was placed on orientation status for ten days. After ten days, he was cleared for General Population program, "due to no current enemy concerns through 3AOS Unit Classification (UCC) members Defendants T. Variz (Cpt), Lieutenant John Doe #1 and (CCI) Smith."  ECF No. 8, at 5.

On April 26, 2012, while Plaintiff was walking across the Facility 3A baseball field, he was sucker-punched and assaulted by Inmate Curtis.  Plaintiff states that he did not see Inmate Curtis approaching from the rear.  Plaintiff tried to fend off the attack and was able to somewhat regain his sense of awareness.  He then realized that the attacker was Inmate Curtis.

Due to the assault, Plaintiff was subjected to an additional Division "D" Serious RVR for Fighting with a Documented Enemy.

On May 6, 2012, Plaintiff attended the hearing for his Rules Violation Report.  Senior Hearing Officer T. Marsh found Plaintiff not guilty of fighting and dismissed the charge.

Plaintiff states that he was informed by Facility 3A Program Office staff members that Defendant Gipson was responsible for releasing Facility 3A orientation inmates to the General Population.  Plaintiff contends that Defendant Gipson violated the Eighth Amendment when she cleared security measures to release Inmate Curtis after personally reviewing Inmate Curtis's confidential memo listing Plaintiff as a keep-away enemy.

Plaintiff alleges that UCC and ICC in Facilities 3A and 3B assured Plaintiff that he would be safely housed in Facility 3A and did not have to concern himself with security issues relating to Inmate Curtis prior to the April 26, 2012, assault.

Plaintiff contends that Defendants Gipson, Leon, Variz, Doe 1, Smith and Belnap were responsible for Plaintiff's safety and rehousing in Facility 3A.  He believes that they acted intentionally, and with criminal recklessness, by allowing Plaintiff to be continuously housed in 3A with Inmate Curtis.

Plaintiff alleges that on October 12, 2011, Defendants Leon, Variz and Belnap intentionally violated his Eighth Amendment rights by failing to take corrective measures to ensure Plaintiff's safety when releasing him from Ad-Seg back to Facility 3A General Population.

He further alleges that Defendants Variz, Doe 1 and Smith intentionally violated his Eighth Amendment rights at the Facility 3A UCC hearing by knowingly disregarding the confidential memo.  He contends that Defendant Gipson violated the Eighth Amendment when she reviewed central files and knowingly approved the release of Inmate Curtis to Facility 3A.

C.   **DISCUSSION**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of

4

an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

"[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  Hearns, 413 F.3d at 1040 (internal citations omitted).

*October 12, 2011, Decision of Defendants Leon, Variz and Benlap*

In the prior screening order, the Court explained that Plaintiff had failed to allege that any Defendant acted with the requisite state of mind.  As to the October 12, 2011, decision by Defendants Leon, Variz and Belnap, Plaintiff failed to allege that they placed him in Facility 3A in knowing disregard of a substantial risk to his health or safety.  In fact, at the time of their October 2011, decision, it was unclear whether Inmate Curtis was even in Facility 3A.

Indeed, Plaintiff attaches a September 25, 2012, response to his inmate appeal to his FAC.  The reviewer described an interview with Plaintiff on September 14, 2012.  During the interview, Plaintiff admitted that he saw Inmate Curtis arrive at the 3A housing unit.  This supports a finding that Inmate Curtis arrived sometime *after* Defendants Leon, Variz and Benlap made their decision.  Although Plaintiff saw Inmate Butler and knew he was a documented enemy, Plaintiff admits that he did not alert custody staff because he "didn't think much of it since Curtis was on orientation status and most of the orientation guys coming from 3B were transferring shortly."  ECF No. 8, at 17.

Plaintiff also alleges that the October 7, 2011, memo that documented his enemy concerns placed all Defendants on notice of the issue.  However, the existence of the memo and any notice it should theoretically have imparted, does not demonstrate that Defendants Leon, Variz or Belnap *knew of the memo* and disregarded it.  In fact, Plaintiff alleges that during the October 12, 2011, ICC hearing, Defendants Leon, Variz and Belnap documented Plaintiff's enemy concerns with Inmate Curtis.

Plaintiff also adds allegations that Defendants Leon, Variz and Belnap acted "intentionally," but he fails to support this conclusion with facts. Conclusory statements of the elements of a cause of action are insufficient to state a claim. <u>Iqbal</u>, 129 S. Ct. at 1949.

### Decision of Defendants Smith, Doe 1 and Variz

In the prior screening order, the Court found that Plaintiff failed to allege that Defendants Smith, Doe 1 and Variz acted with deliberate indifference when they released Plaintiff from orientation to the Facility 3A General Population. Now, he adds allegations that they knowingly and intentionally disregarded the confidential memo, but he again fails to support his legal conclusions with facts. <u>Iqbal</u>, 129 S. Ct. at 1949. Moreover, as noted above, the existence of the memo is not sufficient to demonstrate that Defendants acted in knowing disregard of a substantial risk to Plaintiff's health or safety.

Additionally, Plaintiff's interview referenced in the September 25, 2012, appeal response suggests that Plaintiff had already been released to the 3A General Population when he saw Inmate Curtis arrive at 3A orientation.

### Defendant Gipson

In the prior order, the Court found that Plaintiff again failed to allege that Defendant Gipson acted knowing that Plaintiff would face a substantial risk of harm. Now, Plaintiff states that she personally reviewed Inmate Curtis's confidential memo documenting Plaintiff as a known enemy and then knowingly released Inmate Curtis to the 3A General Population.

Adding an allegation that Defendant Gipson personally reviewed Inmate Curtis's confidential memo, without supporting facts, does not remedy the deficiency. Plaintiff was told in the prior order that he had to allege facts demonstrating deliberate indifference. Instead, Plaintiff alleged that Defendant Gipson personally reviewed the confidential memo, but does not offer facts as to how he knows this. In other words, while the Court must accept Plaintiff's

allegations as true, he has to offer sufficient facts to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50.

    For these reasons, Plaintiff fails to state a claim against any Defendant.

**D.    RECOMMENDATION**

    Plaintiff's complaint fails to state any cognizable claims against any Defendant.  Plaintiff was granted an opportunity to amend, but has failed to correct the factual insufficiencies. Therefore, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

    For these reasons, the Court RECOMMENDS that Plaintiff's FAC be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).


IT IS SO ORDERED.

    Dated:    **October 17, 2014**                            /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE